E-FILED
Wednesday, 08 June, 2022 01:21:53 PM
Clerk, U.S. District Court, ILCD

FILED
JUN - 8 2022
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF ILLINOIS**

SHERMAN SWOPES, )
   Petitioner, )
                                   ) CASE # 22-1192
   v. )
MICHAEL SEGAL, )
Warden of FCI-Pekin )

## PETITION FOR WRIT OF HABEAS CORPUS UNDER
## 28 USC § 2241 AND USC § 1651 ALL WRITS ACT

**COMES NOW,** Sherman Swopes a pro-se litigant who respectfully requests the Honorable Court for a Grant of Habeas Corpus. Petitioner seeks this issue pursuant to the **ALL WRITS ACT** 28 USC § 1651 or 28 USC § 2241. This common law writ is available and applies to criminal adjudication if there is a gap to be filled. It is well settled that post-conviction relief sought under 28 USC §2255 does not encompass the entire field of post-conviction available to Federal prisoners. The Supreme Court cert grant, **Jones v. Hendrix, No. 21-847, (2002)** which concern the availability of collateral review by federal prisoners in federal courts. Federal inmates can challenge their convictions on the ground that the statute of conviction did not criminalize their activity may apply for habeas relief U.S.C. § 2241. And that they are legally innocent of the crime of conviction.

### JURISDICTIONAL STATEMENT

Title 28 USC § Section 2241 confers jurisdiction on District Courts to issue a WRIT OF HABEAS CORPUS in response to a petition from a federal prisoner who is in custody in violation of the constitution or laws or treaties of the United States. 28 USC § 2241 (a) and (c) (3). A Habeas petition under §2241 must be filed in the District of Detention or Confinement-see Abernathy v. Wandes, 713 F.3d 538, (10th Cir. 2013). A federal prisoner may challenge the

1

legality of his detention under § 2241 if he falls within the savings clause vehicle; a petitioner may seek habeas relief under §2241 where he can show that §2255 provides an inadequate and ineffective means for challenging the legality of his detention. See, **Stanko v. Davis, 617, F.3d, 1262 (10th Cir. 2010)**. Mr. Swopes was sentenced Pre-**Davis v. United States, 139 S.Ct. 2319 (2019)**. So it's beyond dispute the Pre-Davis issue if raised would not have been qualified as a cognizable "violation of constitutional law. In the Pre-Davis era, an allegation that (The Predicate Offense of Attempted Bank Extortion was not a crime of violence within the meaning of 18 USC § 924 (C) (3). Would have been considered erroneous and clearly not an assertion of a violation of law, within the meaning of § 3742 (a).

When the Supreme Court decided Davis, in **2019,** it effected a far reaching change in Federal Sentencing law. Under the relatively new judicially created standard: Review for unreasonableness was engendered.

### FACTS AND PROCEDURAL HISTORY

On October 9, 2008, Sherman Swopes and others were charged in an Indictment with Conspiracy to commit attempted banc extortion, in violation of 18 USC § 371 (Count one); (Count two) attempted bank extortion in violation of 18 USC § 2113 (a); (Count three) Knowingly using, and carrying a firearm during and in relation to a crime of violence 18 USC § 924 (c).

On October 8, 2009, Sherman Swopes entered a plea of guilty via a written plea agreement to counts two and three of the Indictment. The government dismissed count one. On March 12, 2010, the District Court imposed consecutive sentences of 170 months on Count Two and 120 months on Count Three.

Sherman Swopes appealed his sentence, the seventh Circuit Court of Appeals reversed and remanded after determining that the district court had erred at sentencing, in reliance of clearly erroneous facts, that Swopes had had prior involvement with guns. On January 5, 2012, the district court resentenced Swopes to consecutive terms of 140 months on Count Two and 120 months on Count Three.

## SWOPES § 2255 PETITION

On September 8, 2021, Swopes filed a pro-se §2255 Petition, arguing that his §924 (c) conviction is invalid under **United States v. Davis, 139 S.Ct. 2319 (2019).**

On September 22, 2021, the district court directed Swopes to show cause why his petition should not be dismissed as untimely. In his response Swopes stated circumstances beyond his control, namely, an institutional lockdown as a result of COVID-19 that began in April 2020 and lasted six (6) months, restricted his access to the law library. Additionally, Swopes argued he was actually innocent of the offense of question, and his lack of timeliness should be excused. On December 6, 2021, Mr. Swopes filed a motion for reconsideration. Reiteration his assertions that he was denied access to the law library. On December 22, 2021 the court directed the government response to Swope's petition.

Petitioner sought equitable tolling, but didn't reach a showing of that he pursued his rights diligently during the time frame in question here. Being the threshold necessary to trigger equitable tolling it's an uphill battle with case law against Mr. Swopes.

**Tucker v. Kingston, 538, F.3d, 732, 735 (7th Cir. 2008).**

## STATEMENT OF GROUNDS FOR REVIEW WHETHER DEFENDANTS ATTEMPTED BANK EXTORTION WAS A CRIME OF VIOLENCE UNDER 28 USC §924(C)

Petitioner Sherman Swopes asserts that the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), invalidates his charge in Count Three of his indictment. Because the High Court held that since the predicate offense, Attempted bank extortion is no longer a "crime of violence" within the meaning of 18 USC §924 (c)(3) in the wake of Davis.

Petitioner Swopes petition should be granted and the §924 (c) conviction in Count Three should be vacated, for the reason articulated in the Supreme Court's decision.

3

## REASONING

18 USC §924(c) provides in pertinent part, that any person who, during and in relation to any crime of violence.......For which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm shall be subject to a range of consecutive penalties depending on how the firearm was used. The statute defines a "crime of violence" as a federal felony offense that either "has as an element the use, attempted use, threatened use of physical force against the person or property of another, 18 U.S.C. (c) (3) (A) or by "it's nature, involves a substantial risk that physical force against that person or property of another may be used in the course of committing the offense. 18 USC §924 (c) (3) (B). In United States v. Davis, the Supreme Court found that the definition of "crime of violence" in 18 USC §924 (c) (3) (B) (the residual clause) is unconstitutionally vague, but left intact the (element clause) in §924 (c) (3) (A). 139 S. Ct. 2328-36. The Predicate at issue in Petitioner Swopes case, an attempted **Bank Extortion charge** pursuant to §2113 (a) does not meet this definition. The Predicate offense for Petitioner Swopes 924 (c) conviction was attempted **Bank extortion** in violation of 18 USC §2113 (a). The first paragraph of §2113 (a) provides: whoever, by force and violence, or by intimidation, takes, or attempts to take from the person or presence of another, or obtains or attempt to obtain by extortion any property or money or any other thing of value belonging to, or in the care of, custody, control, management, or possession of, any bank, credit union, or any saving and loan association. This paragraph is divisible, which is to say that it encompasses at least two separate offenses, Bank Robbery and Bank Extortion. It is a divisible statute, Bank Robbery and Bank Extortion portions of §2113 (a). [Section] 2113(a) does not contain one indivisible offense. Bank Robbery and Bank Extortion are two separate and distinct crimes with their own elements and definitions.

Accordingly, extortion under 2113(a) may not qualify as a "crime of violence", under the element clause. And Petitioner Swopes conviction on Count Three of his

4

Indictment must be vacated. Petitioner's co-defendant in this case presented the identical, same argument and the government conceded in light of the specific circumstances of the Davis Supreme Court and Johnson decisions. Mr. Isreal Collins, co-defendant of Mr. Swopes, was resentenced after the 120 month Attempted Bank Extortion crime of violence was vacated. And has been reunite with his wife and children. Petitioner Swopes is seeking the same resolution his co-defendant received. They had the same charges for the same crimes.

Mr. Swopes has been incarcerated approximately 13 years and 11 months. And was under a federal conviction for a crime that's not even in the Federal statutes at all. A crime he's actually and factually innocent of. 18 USC §2113 (a) and 18 USC §924 (c) (3) were never a federal charge under Attempted Bank Extortion. Mr. Swopes federal Public Defender was guilty of ineffective assistance of counsel at the sentencing stage of the proceedings.

## CONCLUSION

Mr. Sherman Swopes asserts that 28 USC §2255's traditional motion is inadequate and ineffective to bring his claim challenging his detention and sentence. Petitioner is procedurally barred from filing a successive or second motion in absence of newly discovered evidence or a new rule of constitutional law.

Petitioner is barred from filing his meritorious motion by the constraints of the Anti-Terrorism Death Penalty Acts, one year limitation making sentences final. 28 USC §2241 or 1651 the ALL WRITS ACT are the only vehicles to obtain review and adjudication of Petitioners claim which is constitutional. Because he stands convicted of a non-existent federal charge with an illegal and unconstitutional 120 month sentence. Which constitutes a travesty of justice effecting the reputation of the court.

The Seventh Circuit "Savings Clause" test is explained In Re Davenport, 147 F3d 7th Cir. 1998. As synthesized in Chazen v. Marks 938 F3d (7th Cir. 2019).

## SWORN AFFIDAVIT

I, Sherman Swopes, swear and attest that the aforegoing is factual and true to the best of my recollection and knowledge. And that I am cognizant that any false statement could result in a criminal prosecution for perjury.

This **6th** day of **June** 2022

*Sherman Swopes*
Sherman Swopes #40487-424

## CERTIFICATE OF SERVICE

I, Sherman Swopes, certify that I have placed in the internal mail system at FCI-Pekin a true copy of the foregoing, affixed with first-class prepaid US postage. Addressed to the US Attorney's office for the Northern District of Illinois, Eastern Division. This **6th** day of **June** 2022.

Respectfully Submitted,
Sherman Swopes # 40487-424
FCI-Pekin
P.O. Box 5000
Pekin, Ill. 61555-5000

Sherman Swopes ID # 40487-424
Federal Correctional Institution
P.O. Box 5000
Pekin, Illinois 61555-5000







7020 1810 0000 1061 1039

CERTIFIED MAIL

RECEIVED
JUN 0 6 2022
FCI PEKIN MAIL ROOM

United States District Court
Central District of Illinois
100 NE, Monroe
Office of the Clerk Room 309
Peoria, ILL 61602