UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHERMAN SWOPES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 22-cv-1192 |
| MICHAEL SEGAL, Warden FCI Pekin | ) ) ) |
| Respondent. | ) ) |

## ORDER

**SARA DARROW, Chief U.S. District Judge:**

Before the Court is Petitioner Sherman Swopes' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1). Mr. Swopes argues that he is actually innocent of his conviction under 18 U.S.C. § 924(c) after *United States v. Davis,* 139 S.Ct. 2319 (2019). This matter is now before the Court for preliminary review of the § 2241 Petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Rule 4 requires the Court to "promptly examine" the Petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." For the reasons below, the Court SUMMARILY DISMISSES Mr. Swopes' § 2241 Petition because he has not shown that a motion under 28 U.S.C. § 2255 was ineffective or inadequate to test the legality of his conviction.

Mr. Swopes is currently imprisoned at FCI Pekin in Pekin, Illinois, serving a 260 month sentence imposed by the United States District Court for the Northern District of Illinois. In 2009, Mr. Swopes pled guilty to attempted bank extortion in violation 18 U.S.C. § 2113(a) and 2, and possessing a firearm during a crime of violence in violation 18 U.S.C. § 924(c). *See United*

*State v. Swopes,* 08-cr-0549 (N.D.Ill.). Mr. Swopes now claims that his § 924(c) conviction is invalid because attempted bank extortion is not a crime of violence.

> A "crime of violence" under § 924(c) is defined as a felony offense that:
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) [ ] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is referred to as the "force clause," and § 924(c)(3)(B) is referred to as the "residual clause." However, on June 24, 2019, the Supreme Court, in *United States v. Davis*, 139 S.Ct. 2319 (2019), held that § 924(c)'s residual clause is unconstitutionally vague. 139 S.Ct. at 2336. Mr. Swopes argues that without the residual clause, attempted bank extortion does not qualify as a crime of violence to trigger his § 924(c) conviction.

Mr. Swopes, however, appears to have realized the impact of *Davis* on his § 924(c) conviction too late. *Davis,* as a constitutional decision, restarted the one deadline to file a § 2255 motion. *See* 28 U.S.C. § 2255(f)(3). However, Mr. Swopes failed to file a § 2255 Motion until September 2021—over two years after *Davis* was decided. *See Swopes v. United States,* 21-cv-4796 (N.D. Ill.), Memorandum d/e 26. The district court dismissed his motion as untimely, finding that equitable tolling did not apply. *Id*. After additional briefing on a motion to reconsider, the district court found that even if Mr. Swopes could overcome the timeliness bars, he waived the right to bring this claim in his written plea agreement. *Id.* at 8-9.

Mr. Swopes now argues that he should be allowed to bring his claim under 28 U.S.C. § 2241. However, a federal prisoner may only challenge his sentence under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C.

§ 2255(e).  Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  "[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied."  *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

Mr. Swopes argues that because he did not meet § 2255's timeliness requirements he should be able to proceed through the § 2255(e) savings clause.  Of course, the district court in his § 2255 motion already determined that he *could have* met the § 2255 timeliness requirements when it found that equitable tolling did not apply.  Failing to meet the timeliness requirements was not a "structural problem" with the statute; it was simply Mr. Swopes' err.  Moreover, even if Mr. Swopes could invoke § 2255(e) and proceed in a § 2241 petition, Mr. Swopes' written plea agreement that the Northern District of Illinois found bars collateral relief, bars collateral relief under § 2241 as well.

**IT IS, THEREFORE, ORDERED:** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (#1) is SUMMARILY DISMISSED pursuant to 28 U.S.C. § 2255(e).  This case is CLOSED.

ENTERED on this 8th day of July 2022.

/s/ *Sara Darrow*
Sara Darrow
Chief U.S. District Judge